1  Michael Rapkine (#222811)
      mrapkine@afrct.com
2  E. Christine Hehir (#201969)
      chehir@afrct.com
3  ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
4  199 South Los Robles Avenue, Suite 600
   Pasadena, California 91101-2459
5  Tel: (626) 535-1900 | Fax:  (626) 577-7764

6  Attorneys for Defendant
   WELLS FARGO BANK, N.A.
7

8                    UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

10

11 JONI HIXSON, an individual,                Case No.:  3:14-CV-00285-NC

12                                            [The Honorable Nathanael Cousins]
                   Plaintiff,
13                                            DEFENDANT WELLS FARGO NOTICE
                                              OF MOTION AND MOTION TO DISMISS
14      v.                                    THE COMPLAINT; MEMORANDUM OF
                                              POINTS AND AUTHORITIES
15 WELLS FARGO BANK, N.A., a business
   entity; and Does 1 through 100, inclusive,
16
                                              Date:     April 23, 2014
17                 Defendants.                Time:     1:00 p.m.
                                              Ctrm:     A, 15th Floor
18

19

20 TO PLAINTIFF AND HER COUNSEL OF RECORD:

21      PLEASE TAKE NOTICE that on April 23, 2014 at 1:00 p.m. in courtroom A on the 15th

22 Floor of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California,

23 the Honorable Nathanael Cousins presiding, defendant Wells Fargo Bank, N.A. ("Wells Fargo"),

24 will move for an order dismissing the first through third claims in the complaint pursuant to Rule

25 12(b)(6) and Rule 8 of the Federal Rules of Civil Procedure.

26      Grounds for this motion to dismiss are as follows:

27 / / /

28 / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1.    **First Claim: Violation of Civil Code § 2923.6**

Plaintiff fails to state a claim for violation of Civil Code § 2923.6 because:  (i) the claim is preempted by the Home Owner's Loan Act ("HOLA"); (ii) plaintiff fails to allege a factual or legal basis for the claim; (iii) the claim is not pled with adequacy or particularity; (iv) plaintiff fails to plead the required elements; and (v) plaintiff fails to plead facts sufficient to constitute a claim upon which relief can be granted.

2.    **Second Claim: Violation of Civil Code § 2923.7**

Plaintiff fails to state a claim for violation of Civil Code § 2923.7 because:  (i) the claim is preempted by HOLA; (ii) plaintiff fails to allege a factual or legal basis for the claim; (iii) the claim is not pled with adequacy or particularity; (iv) plaintiff fails to plead the required elements; (v) the claim is barred by the doctrine of judicial estoppel; and (vi) plaintiff fails to plead facts sufficient to constitute a claim upon which relief can be granted.

3.    **Third Claim: Violation of Civil Code § 2923.5**

Plaintiff fails to state a claim for violation of Civil Code § 2923.5 because:  (i) the claim is preempted by HOLA; (ii) plaintiff fails to allege a factual or legal basis for the claim; (iii) the claim is not pled with adequacy or particularity; (iv) plaintiff fails to plead the required elements; (v) the claim is barred by the doctrine of judicial estoppel; and (vi) plaintiff fails to plead facts sufficient to constitute a claim upon which relief can be granted.

This motion is based on this notice, the memorandum of points and authorities, the accompanying request for judicial notice and exhibits, and on Wells Fargo's argument at the hearing on this motion.

Respectfully submitted,

Dated:  March 3, 2014                ANGLIN, FLEWELLING, RASMUSSEN,
                                     CAMPBELL & TRYTTEN LLP


                                     By:    /s/ Christine Hehir
                                          Christine Hehir
                                          chehir@afrct.com
                                     Attorneys for Defendant
                                     WELLS FARGO BANK, N.A.

1

# TABLE OF CONTENTS

2                                                                                                    Page

3   MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

4   1.      INTRODUCTION ..................................................................................................................1

5   2.      SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE
            DOCUMENTS......................................................................................................................1

6   3.      PLAINTIFF IS JUDICIALLY ESTOPPED FROM MAINTAINING THE BULK
            OF HER CLAIMS .................................................................................................................3

7   4.      PLAINTIFF CANNOT PROSECUTE THIS ACTION DUE TO AN INABILITY
            TO TENDER EVEN A PORTION OF HER CONSIDERABLE DEBT.........................5

8   5.      PLAINTIFF'S CLAIMS ARE PREEMPTED BY HOLA.................................................7

9           A.      World Savings Was A Federally Chartered Federal Savings Bank,
                    Operating Under HOLA At The Time Of Loan Origination...................................7

10          B.      OTS Regulations Promulgated Under HOLA Preempt Any State Laws
                    That Affect Lending.................................................................................................7

11          C.      Federal Regulations, The Loan Contracts And Prevailing Case Law
12                  Confirm That HOLA Preemption Applies Post Merger ........................................8

13                  1.      The OTS Has Interpreted § 560.2 To Mean That HOLA
                            Preemption Attaches To And Survives The Transfer Of A FSB-
14                          Originated Loan .........................................................................................8

                    2.      Plaintiff Agreed That Her Loan Would Be Governed By HOLA,
15                          Whether It Was Held By The Originating FSB Or Someone Else .............9

            D.      State Laws Preempted by HOLA...........................................................................11
16
            E.      The Application of HOLA Preempts Plaintiff's State Law Claims......................12
17
                    1.      The HBOR Is Preempted By Federal Law ..............................................12
18                  2.      Plaintiff's Claim Under Former § 2923.5 Claim Is Preempted .............15

19  6.      PLAINTIFF'S CLAIMS UNDER THE NEWLY ENACTED HBOR FAIL FOR
            A NUMBER OF REASONS ...............................................................................................16
20          A.      Plaintiff's HBOR Claims Fail To Meet The Pleading Standards Of Rule 8 .........16

21          B.      Plaintiff Is Not Entitled To Relief Under Civil Code § 2923.6 Because She
                    Did Not Comply With The Statutory Requirements..............................................17
22          C.      Plaintiff's Civil Code § 2923.7 Claim Fails Because The Allegations Are
                    Meritless................................................................................................................19
23  7.      THE CLAIM FOR AN ALLEGED VIOLATION OF CIVIL CODE § 2923.5 IS
            PLAGUED BY ADDITIONAL SHORTCOMINGS .........................................................20
24
    8.      PLAINTIFF'S DAMAGE CLAIMS FAIL TO MEET THE  PLEADING
25          STANDARDS OF RULE 8 ................................................................................................21

26  9.      CONCLUSION....................................................................................................................21

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

# **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**FEDERAL CASES**

4

*Alicea v. GE Money Bank*,
2009 U.S. Dist. LEXIS 60813, *7-8 (N.D. Cal. July 16, 2009) ................................5

5

*Anaya v. Advisors Lending Group*,
6
2009 U.S. Dist. LEXIS 68373 (E.D. Cal. Aug. 3, 2009) ................................6

7
*Ashcroft v. Iqbal*,
129 S. Ct. 1937, 173 L. Ed 868 (2009) ................................6

8

*Auer v. Robbins*,
9
519 U.S. 452 (1997)................................8

10
*Babb v. Wachovia Mortg.*, FSB,
11
2013 U.S. Dist. LEXIS 106228 (C.D. Cal. July 26, 2013)................................11

12
*Crews v. Wachovia Mortg. Co.*,
2010 U.S. Dist. LEXIS 77660 (C.D. Cal. July 23, 2010)................................7

13

*Fidelity Fed. Sav. & Loan Ass'n v. de la Cuesta*,
14
458 U.S. 141 (1982)................................9

15
*Gabali v. OneWest Bank, FSB*,
2013 U.S. Dist. LEXIS 47193 (N.D. Cal. Mar. 29, 2013)................................13
16

17
*Giordano v. Wachovia Mortg., FSB*,
2010 U.S. Dist. LEXIS 136284 (N.D. Cal. Dec. 14, 2010)................................16
18

*Gonzalez v. Alliance Bancorp*,
19
2010 U.S. Dist. LEXIS 47943 (N.D. Cal. Apr. 19, 2010)................................16

20
*Gorton v. Wells Fargo Bank, N.A.*,
21
2012 U.S. Dist. LEXIS 168158 (C.D. Cal. Nov. 27, 2012)................................8

22
*Gorton v. Wells Fargo Bank N.A*,
2013 U.S. Dist. LEXIS 86006 (C.D. Cal. June 3, 2013) ................................12
23

24
*Hamilton v. State Farm Fire & Cas. Co.*,
270 F.3d 778 (9th Cir. 2001) ................................4, 5

25
*Hay v. First Interstate Bank of Kalispell, N.A.*,
26
978 F.2d 555 (9th Cir. 1992) ................................4

27
*Hayes v. Wells Fargo Bank, N.A.*,
2013 U.S. Dist. LEXIS 115435 (N.D. Cal. Aug. 12, 2013)................................8

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ii

*Juarez v. Wells Fargo Bank, N.A.*,
   2009 U.S. Dist. LEXIS 110892 (C.D. Cal. Nov. 11, 2009).....................20

*Kamp v. Aurora Loan Servs.*,
   2009 U.S. Dist. LEXIS 95245 (C.D. Cal. Oct. 1, 2009)........................20

*Kaplan v. Wells Fargo Bank, N.A.*,
   2013 U.S. Dist. LEXIS 109023 (C.D. Cal. July 30, 2013).................8, 12

*Long Island Care at Home, Ltd. v. Coke*,
   551 U.S. 158 (2007)..........................................................................8

*Lothlen v. Wells Fargo Bank, N.A.*,
   2013 U.S. Dist. LEXIS 169294 (N.D. Cal. Nov. 26, 2013).................8

*Marquez v. Wells Fargo Bank, N.A.*,
   2013 U.S. Dist. LEXIS 131364 (N.D. Cal. Sept. 13, 2013) ............11, 12

*Mata v. Wells Fargo Bank, N.A.*,
   2013 U.S. Dist. LEXIS 108197 (C.D. Cal. July 31, 2013)...................11

*Montoya v. Countrywide Bank*,
   2009 U.S. Dist. LEXIS 53920 (N.D. Cal. June 25, 2009) ....................5

*Morrison v. Wachovia Mortg. Corp.*,
   2012 U.S. Dist. LEXIS 39273, *14-15 (C.D. Cal. March 12, 2012).......6

*Murillo v. Aurora Loan Servs., LLC*,
   2009 U.S. Dist. LEXIS 61791 (N.D. Cal. July 17, 2009).....................16

*Nguyen v. Wells Fargo Bank, N.A.*,
   749 F. Supp. 2d 1022 (N.D. Cal. 2010) ..........................................16

*Nguyen v. Wells Fargo Bank, N.A.*,
   749 F. Supp. 2d 1022 (N.D. Cal. Oct. 25, 2010) ...............................4

*Odinma v. Aurora Loan Services*,
   2010 U.S. Dist. LEXIS 28347 (N.D. Cal. Mar. 23, 2010)...................16

*Ortiz v. America's Servicing Co.*,
   2012 U.S. Dist. LEXIS 82092 (C.D. Cal. June 11, 2012) ......................7

*Pacini v. Wells Fargo Bank, N.A.*,
   2012 U.S. Dist. LEXIS 183151 (N.D. Cal. Dec. 26, 2012)....................7

*Parcray v. Shea Mortg., Inc.*,
   2010 U.S. Dist. LEXIS 40377 (E.D. Cal. Apr. 23, 2010).....................16

*Pinales v. Quality Loan Service Corp.*,
   2010 U.S. Dist. LEXIS 2114 (S.D. Cal. Sept. 22, 2010)......................16

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Quintero Family Trust v. OneWest Bank, F.S.B.*,
   2010 U.S. Dist. LEXIS 63659 (S.D. Cal. June 25, 2010).......................................15

*Sato v. Wachovia Mortg., FSB*,
   2011 U.S. Dist. LEXIS 75418 (N.D. Cal. Jul. 13, 2011)........................................13

*Silvas v. E*Trade Mortg. Corp.*,
   514 F.3d 1001 (9th Cir. 2008) ...........................................................................8, 11

*Taguinod v. World Sav. Bank, FSB*,
   755 F. Supp. 2d 1064 (C.D. Cal. 2010) ..................................................................13

*Terrazas v. Wells Fargo Bank, N.A.*,
   2013 U.S. Dist. LEXIS 153046 (S.D. Cal. Oct. 23, 2013) .......................................8

*Young v. World Sav. Bank, FSB*,
   2011 U.S. Dist. LEXIS 143481 (S.D. Cal. Dec. 13, 2011).......................................15

**STATE CASES**

*Abdallah v. United Sav. Bank*,
   43 Cal. App. 4th 1101 (1996) ...................................................................................5

*Conrad v. Bank of America Nat. Bank & Sav. Assoc.*,
   45 Cal. App. 4th 133 (1996) ......................................................................................4

*FCPI v. E&G Investments, Ltd.*,
   207 Cal. App. 3d 1018 (1989) ...................................................................................5

*Gaffney v. Downey Sav. & Loan Ass'n*,
   200 Cal. App. 3d 1154 (1988) ...................................................................................6

*Gray1 CPB, LLC v. Kolokotronis*,
   202 Cal. App. 4th 480 (2011) ..................................................................................11

*Houge v. Ford*,
   44 Cal. 2d 706 (1955) ..............................................................................................10

*Karlsen v. American Sav. & Loan Ass'n*,
   15 Cal. App. 3d 112 (1971) .......................................................................................5

*Lopez v. World Savs. & Loan Ass'n*,
   105 Cal. App. 4th 729 (2003) ....................................................................................7

*Lovejoy v. AT&T Corp.*,
   92 Cal. App. 4th 85 (2001) ........................................................................................4

*Mabry v. Superior Court*,
   185 Cal. App. 4th 208 (2010) .............................................................................16, 20

*Mabry v. Superior Court*,
185 Cal. App. 4th 208 (2010) ...................................................................13, 14

*Meetz v. Mohr*,
141 Cal. 667 (1904) ...............................................................................................5

*Nguyen v. Calhoun*,
105 Cal. App. 4th 428 (2003) ...............................................................................6

*Sipe v. McKenna*,
88 Cal. App. 2d 1001 (1948) .................................................................................5

*Stebley v. Litton Loan Servicing, LLP*,
202 Cal. App. 4th 522 (2011) ..............................................................................14

*Weiss v. Washington Mutual Bank*,
147 Cal. App. 4th 72 (2007) ..................................................................................8

**FEDERAL STATUTES**

12 U.S.C. § 1461 et seq........................................................................... passim

**STATE STATUTES**

Cal. Civ. Code § 2923.5........................................................................13, 14, 20

Cal. Civ. Code § 2923.6........................................................................... passim

Cal. Civ. Code § 2923.7.......................................................................................19

Cal. Civ. Code § 2923.55(a)(3)......................................................................13, 18

Cal. Civ. Code § 2924.........................................................................................16

Cal. Civ. Code § 2924.10....................................................................................18

Cal. Civ. Code § 2924.12..............................................................................14, 15

Cal. Civ. Code § 2924.17.....................................................................12, 13, 14, 15

**RULES**

Fed. R. Civ. P. 8.................................................................................................21

Fed. R. Civ. P. 12(b)(6)......................................................................................21

**REGULATIONS**

12 C.F.R. § 545.2..................................................................................................7

12 C.F.R. § 560.2......................................................................................... passim

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   **MEMORANDUM OF POINTS AND AUTHORITIES**

2   **1.  INTRODUCTION**

3         This action arises from a 2006 refinance loan, plaintiff's October 2009 default, and the

4   initiation of a non-judicial foreclosure.  The sale has not been completed.

5         Although plaintiff is four and a half years in arrears, she challenges her lender's right to

6   proceed to sale, alleging that Wells Fargo has violated the recently-enacted California Home

7   Owners' Bill of Rights ("HBOR") by "dual tracking" and failing to provide her with a

8   meaningful "single point of contact" in her successive attempts to modify her loan.  Plaintiff

9   further alleges that Wells Fargo's recordation of a notice of default in December 2011 was in

10  violation of California Civil Code § 2923.5, based on the contention that Wells Fargo failed to

11  contact her, or attempt to contact her, to discuss alternatives to foreclosure.

12        For a myriad of reasons, including allegations that fail as a matter of law, concessions

13  throughout the pleadings, federal preemption, judicial estoppel and plaintiff's clear inability to

14  tender her debt, the complaint does not state a viable cause of action against Wells Fargo.

15  **2.  SUMMARY OF COMPLAINT AND JUDICIALLY NOTICEABLE DOCUMENTS**

16        On or around February 2006, plaintiff obtained a $500,000 refinance loan from Wells

17  Fargo's predecessor, World Savings Bank, FSB.[1]  (Complaint ("Comp.") ¶10).[2]  The terms of the

18  loan were memorialized by a promissory note that was secured by a deed of trust against 5 Big

19  Sur Way, Pacifica, California (the "subject property" or "property") (Comp. ¶¶2-3, 10).

20  Attached to the accompanying Request for Judicial Notice ("RJN") as Exhibit F is a true and

21  correct copy of the Promissory Note; attached to the RJN as Exhibit G is a true and correct copy

22  of the recorded deed of trust signed by plaintiff.

23

24  [1]   World Savings Bank, FSB ("World Savings") changed its name to "Wachovia Mortgage,

25  FSB" and later merged into Wells Fargo Bank, N.A.  Attached to the accompanying Request for
    Judicial Notice ("RJN") as Exhibits A through E are documents issued by the Office of Thrift

26  Supervision, the Office of the Comptroller of the Currency, and the FDIC that evidence this
    name change and merger.  For purposes of this motion, World Savings will hereinafter be

27  referred to as "Wells Fargo."

28  [2]   The complaint lists the loan closing date as May 11, 2007; however, the recorded deed of
    trust demonstrates that plaintiff obtained her refinance loan in January 2006. (RJN, Exh. F).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Plaintiff notes that she made mortgage payments until October 2009, when the monthly payment on her adjustable note increased. (Comp. ¶¶12-13).  According to plaintiff, she contacted a Wells Fargo representative in October 2009 to discuss the new payment levels, and this unnamed bank representative supposedly directed plaintiff to default in order to be considered for a loan modification. (Comp. ¶13).

After over two years of continued non-payment, a notice of default was recorded with the San Mateo County Recorder's Office on December 21, 2011. (Comp. ¶15; RJN, Exh. H).  At the time, plaintiff's arrearage stood at $94,182.95. (RJN, Exh. H, pg. 1).  Plaintiff stresses that this recording was in violation of California Civil Code § 2923.5, based on plaintiff's contention that the bank failed to fulfill its requisite "due diligence" obligations before initiating the foreclosure process. (Comp. ¶¶43-45).

On March 20, 2012, the bank directed its trustee to record a notice of trustee's sale, which noticed a trustee sale for April 17, 2012. (RJN, Exh. I).  In late May, before the sale was completed, plaintiff commenced a series of bankruptcy filings which delayed the trustee sale.  The first was dismissed in October 2012 after plaintiff failed to prosecute her Chapter 13 bankruptcy action.  (RJN, Exh. J).  Two days later, she filed a second Chapter 13 bankruptcy, which was converted to a Chapter 7 and, in April 2013, resulted in a discharge.  (RJN, Exhs. K, L).  A second notice of trustee sale was recorded July 18, 2013 (RJN, Exh. M) to replace the expired notice.  *See* Cal. Civ. Code § 2924g(c).  The sale has not been completed.

According to plaintiff, she was strung along with the hope of a loan modification from November 2009 through December 2013. (Comp. ¶14).  During this four-year period, "[p]laintiff continued reapplying because Defendant Wells Fargo would consistently deny each application or reject it under the pretext that the application was incomplete for missing documents. . . ." *Id*.

The complaint further alleges that Wells Fargo has not provided plaintiff with a meaningful "single point of contact" ("SPOC") during these loan modification negotiations. (Comp. ¶¶16-28).  The complaint itemizes the seven (7) SPOCs that have been assigned to plaintiff over the years, emphasizing that the various transfers to new individuals has frustrated the purpose of California's recently-enacted HBOR. (Comp. ¶¶16-28, 37-40).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

Based on the foregoing allegations, plaintiff asserts three claims for relief: (1) violation of California Civil Code § 2923.6; (2) violation of Civil Code § 2923.7; and (3) violation of Civil Code § 2923.5. As briefed below, not a single claim has merit.

**3. <u>PLAINTIFF IS JUDICIALLY ESTOPPED FROM MAINTAINING THE BULK OF HER CLAIMS</u>**

In a likely attempt to stave off foreclosure, plaintiff filed a chapter 13 bankruptcy petition in the Northern District of California on May 24, 2012. (RJN, Exh. J) (Docket and Order of Dismissal). After that bankruptcy was dismissed for failure to prosecute, plaintiff filed a second chapter 13 bankruptcy petition in the Northern District of California on October 3, 2012. (RJN, Exhs. K and L) (Docket and Petition/Schedules). The bankruptcy was subsequently converted to a Chapter 7 plan and plaintiff received a discharge of her prepetition debts on April 24, 2013. (RJN, Exh. L).

Schedule D to plaintiff's bankruptcy petition, entitled "Creditors Holding Secured Claims," lists the home mortgage obtained from Wells Fargo's predecessor, World Savings Bank, FSB. (RJN, Exh. K, pg. 25 of 42). The schedule includes a "disputed" box for each debt listed. Plaintiff did not check the "disputed" box on this schedule; in other words, she did not disclose any potential claims against Wells Fargo.

Nor did plaintiff list any claims against Wells Fargo in paragraph 21 of Schedule B, which asks the debtor to list: "Other contingent and unliquidated claims of every nature, including. . . counterclaims of the debtor, and rights to setoff claims." (RJN, Exh. K, pg. 13). Although given the opportunity to raise a claim against her lender, plaintiff checked "none."

Furthermore, paragraph 35 of Schedule B gave plaintiff a third opportunity to list a claim against Wells Fargo. This paragraph asks debtors to list: "other personal property of any kind not already listed. . ." (RJN, Exh. K, pg. 14). Once again, plaintiff checked "none."

After failing to disclose a potential claim against Wells Fargo, plaintiff received a Chapter 7 discharge on April 24, 2013. (RJN, Exh. L). Plaintiff now seeks to pursue this lawsuit after benefiting from bankruptcy protection. Because a number of plaintiff's claims arose prior to her bankruptcy discharge, these claims were part of her bankruptcy estate and cannot be

1    brought here.

2        In *Conrad v. Bank of America Nat. Bank & Sav. Assoc.*, 45 Cal. App. 4th 133, 148 (1996)

3    (overruled on other grounds by *Lovejoy v. AT&T Corp.*, 92 Cal. App. 4th 85, 93-94 (2001)), the

4    court held that equitable and judicial estoppel barred a lender liability action where the plaintiff's

5    claims were not disclosed in an earlier Chapter 11 bankruptcy.

6        In *Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555 (9th Cir. 1992), the Ninth

7    Circuit affirmed a summary judgment in the lender's favor when the plaintiffs failed to amend

8    their schedules to include a claim against their lender after they discovered facts giving rise to

9    their claim *during* the bankruptcy. *Hay*, 978 F.2d at 556.

10       Another instructive case is *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782-

11   84 (9th Cir. 2001) (a Chapter 7 bankruptcy petitioner who omits a claim for denial of coverage

12   against his insurance company is judicially estopped from later suing the insurance company,

13   even though the bankruptcy discharge was later vacated). In *Hamilton*, the court explained:

14           In this case, we must invoke judicial estoppel to protect the integrity of the
             bankruptcy process. The debtor, once he institutes the bankruptcy
15           process, disrupts the flow of commerce and obtains a stay and the benefits
             derived by listing all his assets. The Bankruptcy Code and Rules impose
16           upon the bankruptcy debtors an express, affirmative duty to disclose all
             assets, including contingent and unliquidated claims.
17

18   *Hamilton*, 270 F.3d at 785; *see also*, *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022,

19   1030-31 (N.D. Cal. Oct. 25, 2010) (relying on *Hamilton* and concluding that each of plaintiff's

20   claims was barred by judicial estoppel).

21       In the present case, the complaint arises from Wells Fargo's alleged act of dual tracking

22   (first claim; Comp. ¶¶30-35), the bank's failure to provide a meaningful "single point of contact"

23   (second claim; Comp. ¶¶36-40), and the premature recording of the notice of default. (third

24   claim; Comp. ¶¶41-45). At a minimum, plaintiff's third claim for violation of Civil Code §

25   2923.5 existed well before she filed for bankruptcy protection, and the second claim for violation

26   of Civil Code § 2923.7 existed before plaintiff received an order of discharge. Plaintiff's failure

27   to disclose these claims against Wells Fargo in her bankruptcy means she is estopped from

28   pursuing them at this point. In the words of the *Hamilton* court, judicial estoppel, which

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  "protect[s] the integrity of the bankruptcy process", bars the prosecution of plaintiff's second and

2  third claims.

### 4.   PLAINTIFF CANNOT PROSECUTE THIS ACTION DUE TO AN INABILITY TO TENDER EVEN A PORTION OF HER CONSIDERABLE DEBT

5  In connection with all three claims, plaintiff seeks an order enjoining a potential trustee's

6  sale. (Comp. ¶¶35, 40; Prayer for Relief ¶¶2-4, 6).  However, to receive such equitable relief, a

7  debtor must make a valid tender of their full outstanding debt.  *See e.g.*, *Sipe v. McKenna*, 88

8  Cal. App. 2d 1001, 1006 (1948) ("A party may not without payment of the debt, enjoin a sale by

9  a trustee under a power conferred by a deed of trust, or have his title quieted against the

10  purchaser at such a sale. . ."); *Gavina v. Smith*, 25 Cal. 2d 501, 505-506 (1944) (quiet title denied

11  where the debtor had not fulfilled its contractual obligations); *Meetz v. Mohr*, 141 Cal. 667, 673

12  (1904) (injunction denied due to lack of tender).

13  Likewise, a debtor must make a valid tender when bringing a claim that challenges the

14  foreclosure process, or when asserting any cause of action "implicitly integrated to the sale."  *See*

15  *e.g.*, *Alicea v. GE Money Bank*, 2009 U.S. Dist. LEXIS 60813, *7-8 (N.D. Cal. July 16, 2009)

16  ("When a debtor is in default on a home mortgage loan, and a foreclosure is either pending or

17  has taken place, the debtor must allege a credible tender of the amount of the secured debt to

18  maintain any cause of action for foreclosure."); *Montoya v. Countrywide Bank*, 2009 U.S. Dist.

19  LEXIS 53920, *32 (N.D. Cal. June 25, 2009) ("as a precondition to challenging a foreclosure

20  sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and

21  viable tender of payment of the secured debt."); *Abdallah v. United Sav. Bank*, 43 Cal. App. 4th

22  1101, 1109 (1996) (to maintain any type of wrongful foreclosure claim, a plaintiff must establish

23  a viable tender of the full debt); *FCPI v. E&G Investments, Ltd.*, 207 Cal. App. 3d 1018, 1022

24  (1989) ("The rationale behind the [tender] rule is that if plaintiffs could not have redeemed the

25  property had the sale procedures been proper, any irregularities in the sale did not result in

26  damages to the plaintiffs."); *Karlsen v. American Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 121

27  (1971) (a tender of one's debt is necessary for a cause of action "implicitly integrated" to the sale

28  process).  Accordingly, the instant complaint must be accompanied by a legitimate tender.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Here, the complaint concedes that plaintiff defaulted in October 2009. (Comp. ¶¶12-13).

2  As reflected in the notice of default, plaintiff's delinquency stood at $94,182.95 in 2011, and this

3  arrearage has continued to mount. (RJN, Exh. H).  Given the fact that Wells Fargo has not

4  received a mortgage payment in nearly four and a half years, plaintiff's inability to tender even a

5  portion of her debt is manifest.  *Anaya v. Advisors Lending Group*, 2009 U.S. Dist. LEXIS

6  68373, *27 (E.D. Cal. Aug. 3, 2009) (a failure to make payments over a protracted period

7  reflects an inability to tender the amount owed).  For this reason alone, allowing this action to

8  survive would not only be unfair, but a waste of judicial resources.

9    In an attempt to allege a tender, paragraph 13 states that plaintiff has always been "ready,

10  willing, and able to make her mortgage payments," and that plaintiff only ceased making

11  payments in order to increase her chance of securing a loan modification.  Such allegations does

12  not constitute a genuine tender – indeed, courts are clear that hollow averments of a "willingness

13  or ability" to tender one's debt do not support a claim to challenge the non-judicial foreclosure

14  process.  No legitimate tender exists unless funds are actually placed in the hands of the trustee

15  or beneficiary.  *Gaffney v. Downey Sav. & Loan Ass'n*, 200 Cal. App. 3d 1154, 1167 (1988).

16  "The rules which govern tenders are strict and are strictly applied . . ." *Nguyen v. Calhoun*, 105

17  Cal. App. 4th 428, 439 (2003) (demurrer upheld to challenge a sale where the borrower's "verbal

18  tender" of an ability to pay was made before the sale, but the check did not arrive until three days

19  after the sale).

20    It must be added that this borrower's allegation that she was "induced to default" by a

21  promise of a potential loan modification is insufficient to withstand a 12(b)(6) motion.  As

22  explained in *Morrison v. Wachovia Mortg. Corp.*, 2012 U.S. Dist. LEXIS 39273, *14-15 (C.D.

23  Cal. 2012), reliance on such alleged "advice" is misplaced:

24       Insofar as plaintiff alleges that she would have timely paid her
        mortgage but-for Wachovia's "advice" to fall behind on her
25       payments in order to secure a loan modification, her claims are
        implausible as a matter of law.  *Iqbal*, 129 S.Ct. at 1950
26       ("Determining whether a complaint states a plausible claim for
        relief will . . . be a context-specific task that requires the reviewing
27       court to draw on its judicial experience and common sense.").

28    In other words, the claim that plaintiff defaulted in 2009 simply to be evaluated for a

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   modification fails as a matter of law.  *See also*, *Pacini v. Wells Fargo Bank, N.A.*, 2012 U.S.

2   Dist. LEXIS 183151, *9 (N.D. Cal. Dec. 26, 2012) ("Courts have found the allegation that a

3   borrower was induced to fall behind on payments to be implausible as a matter of law."); *Ortiz v.*

4   *America's Servicing Co*., 2012 U.S. Dist. LEXIS 82092, *13 (C.D. Cal. June 11, 2012) (the

5   "claim of 'reasonable reliance' is undermined by plaintiff's inability to satisfy her mortgage

6   obligations."); *Crews v. Wachovia Mortg. Co*., 2010 U.S. Dist. LEXIS 77660, *6 (C.D. Cal. July

7   23, 2010) (same).

8   **5.   PLAINTIFF'S CLAIMS ARE PREEMPTED BY HOLA**

9        Putting aside the above defects, each of plaintiff's claims are preempted by the federal

10  Home Owners' Loan Act, 12 U.S.C. 1461, *et seq.* ("HOLA").

11  **A.   World Savings Was A Federally Chartered Federal Savings Bank, Operating Under**

12  **HOLA At The Time Of Loan Origination**

13       Plaintiff obtained the loan from World Savings in 2006.  (RJN, Exhs. F, G).  At that time,

14  World Savings was a federally chartered savings association regulated by the Office of Thrift

15  Supervision ("OTS").  (*See* RJN Exh. E [true and correct copy of a letter from the OTS

16  identifying World Savings, known later as Wachovia Mortgage, FSB, as a federal savings

17  bank]).  As a federal savings bank, World Savings was organized and operated under HOLA.  12

18  U.S.C. § 1461, *et seq.*

19  **B.   OTS Regulations Promulgated Under HOLA Preempt Any State Laws That Affect**

20  **Lending**

21       OTS regulations issued pursuant to HOLA are "intended to preempt all state laws

22  purporting to regulate any aspect of the lending operations of a federally chartered savings

23  association, whether or not the OTS has adopted a regulation governing the precise subject of the

24  state provision."  *Lopez v. World Savs. & Loan Ass'n*, 105 Cal. App. 4th 729, 738 (2003); *see*

25  *also* 12 C.F.R. § 545.2.  The preemption analysis under HOLA is simple under the OTS Final

26  Rule at 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996).  Step one determines whether the type of

27  state law at issue appears on the list set forth in 12 C.F.R. § 560.2(b).  If the type of state law in

28  question appears on the list, the analysis ends there and the law is preempted.  There is no step

1  two.

2      As the Ninth Circuit observed in *Silvas v. E*Trade Mortg. Corp.*, 514 F.3d 1001, 1004-

3  05 (9th Cir. 2008), the OTS's construction of its own regulation 560.2 "must be given controlling

4  weight." The Court went on to declare that any presumption against preemption of state law

5  does not apply to HOLA, and that any doubt should be resolved in favor of preemption. *Id.* Any

6  doubt should be resolved in favor of preemption. *Weiss v. Washington Mutual Bank*, 147 Cal.

7  App. 4th 72, 76-77 (2007).

8  **C.    Federal Regulations, The Loan Contracts And Prevailing Case Law[3] Confirm That**

9  **HOLA Preemption Applies Post Merger**

10     **1.    The OTS Has Interpreted § 560.2 To Mean That HOLA Preemption**

11     **Attaches To And Survives The Transfer Of A FSB-Originated Loan**

12     Courts must give deference to a federal agency's reasonable interpretation of its own

13  regulations. *Auer v. Robbins*, 519 U.S. 452, 461 (1997). This interpretation controls unless it is

14  plainly erroneous or inconsistent with the regulations. *Long Island Care at Home, Ltd. v. Coke*,

15  551 U.S. 158, 170-71 (2007). The OTS' interpretation of 12 C.F.R. § 560.2, as expressed in its

16  interpretive letters, "must be given controlling weight." *Silvas,* 514 F.3d at 1005.

17     In Opinion Letter No. P-2003-5 (July 22, 2003) ("2003 OTS Opinion"), the OTS was

18  asked whether HOLA preempted a state consumer law. The OTS was specifically asked

19  "whether purchasers or assignees of loans originated by federal savings associations would be

20  subject to claims and defenses that would not apply to the federal savings association that

21

22

23  ---
[3] *See Terrazas v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 153046, *9 (S.D. Cal. Oct. 23,
24  2013) (HOLA has been "applied to conduct by a [non-HOLA-chartered] successor entity that
occurs *after* a federal savings bank merges with a national bank, where the loan was originated
25  with a federal savings bank *before* the merger."); *Lothlen v. Wells Fargo Bank, N.A.,* 2013 U.S.
Dist. LEXIS 169294 (N.D. Cal. Nov. 26, 2013); *Hayes v. Wells Fargo Bank, N.A.*, 2013 U.S.
26  Dist. LEXIS 115435, *13 (N.D. Cal. Aug. 12, 2013) ("Preliminarily, HOLA applies to this case
even though Wells Fargo is not a federal savings association, because Plaintiff's loan originated
27  with a federal savings bank, World Savings Bank"); *Kaplan v. Wells Fargo Bank, N.A.*, 2013
U.S. Dist. LEXIS 109023, *7, n.2 (C.D. Cal. July 30, 2013); *Gorton v. Wells Fargo Bank, N.A.*,
28  2012 U.S. Dist. LEXIS 168158, *12 (C.D. Cal. Nov. 27, 2012).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

originated the loans." (RJN, Exh. N at 7).[4]  The OTS answered that such purchasers and

assignees would be "subject *only to the same claims and defenses that would apply to the federal*

*savings association that originated the loan*." (*Id*. at 1 (emphasis added)).  It found:

> This result would be consistent with the general principle that **loan terms should not change simply because an originator entitled to federal preemption may sell or assign a loan to an investor that is not entitled to federal preemption**[.]

*Id*. at 7, n.18 (emphasis added).  This conclusion is consistent with Congress' mandate that

HOLA exclusively and comprehensively preempts the field.  *Fidelity Fed. Sav. & Loan Ass'n v.*

*de la Cuesta*, 458 U.S. 141, 153 (1982).  It relied on, and is consistent with, an earlier opinion of

the OTS' predecessor agency:

> [S]uch preemption would exist regardless of whether the loans in question are sold by the federal association to a third party, are being serviced by a third party, or whether the escrow deposits are held at a federal association while the loans have been sold in the secondary market.

(RJN Exh. R (Op. Gen. Counsel, FHLBB (Aug. 13, 1985))).

These regulatory letters leave no doubt that if an originating FSB is not subject to a state

law claim because of HOLA preemption, then an assignee or purchaser of the loan also is not

subject to that claim because of HOLA preemption.  The agencies' interpretation of § 560.2 must

be given deference, and thus, Wells Fargo must be allowed to assert HOLA preemption to the

same extent as the predecessor FSB.

## 2.   Plaintiff Agreed That Her Loan Would Be Governed By HOLA, Whether It Was Held By The Originating FSB Or Someone Else

The federal regulators' directive that "loan terms should not change simply because" the

loan is sold or otherwise transferred is consistent with the loan contract.  By signing the deed of

---

[4]   The OTS' post-Dodd-Frank successor, the OCC, announced that OTS' interpretations shall remain in effect unless specifically rescinded or modified, and that rescinded documents will be watermarked as such.  (RJN Exh. O (OCC 2011-47, OTS Integration Letter (Dec. 8, 2011)). The 2003 OTS Opinion has not been watermarked as rescinded and, therefore, remains controlling. (*See* RJN Exhs. P, Q).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  trust, plaintiff conferred certain rights on both World Savings _**and**_ other entities that fell within

2  the definition of "Lender:"

3  > [B]y signing this Security Instrument, **I am giving Lender . . . those**
   > **rights that are stated in this Security Instrument** and also those rights

4  > that the law gives to Lenders who are beneficiaries of a deed of trust . . . .
   > I am giving Lender . . . these rights to protect Lender from possible losses

5  > that might result if I fail to:  . . . (iii) keep all of my other promises and
   > agreements under this Security Instrument [and] the Secured Notes . . .

6

7  (RJN, Exh. G at 2 ¶II (emphasis added)).

8      "Lender" is defined in the note as "WORLD SAVINGS BANK, FSB, a FEDERAL

9  SAVINGS BANK, ITS SUCCESSORS AND/OR ASSIGNEES, or anyone to whom the note is

10 transferred." (RJN, Exh. F ¶1; _id._ Exh., G ¶1(C) (deed of trust defines "Lender" as WORLD

11 SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNEES)).  Plaintiff thus knew that

12 the loan might change hands, either because the loan or World Savings itself might be sold.  In

13 such event, she agreed that "any Person who takes over Lender's rights or obligations under this

14 Security Instrument will have all of Lender's rights . . . ."  (RJN, Exh. G at 8 ¶11).

15     The "Lender's rights or obligations under this Security Agreement" included plaintiff's

16 agreement that the "governing law" would include "federal law and federal rules and regulations

17 including those for federally chartered savings institutions . . .":

18 > GOVERNING LAW; SEVERABILITY.  [¶]  This Security Instrument
   > and the Secured notes shall be governed by and construed under federal

19 > law and federal rules and regulations, including those for federally
   > chartered savings institutions ("Federal Law") . . . .

20

21 (RJN, Exh. G (deed of trust) at 9 ¶15 (emphasis omitted); _see also id._ Exh. F (note) at 5 ¶13

22 ("This Note shall be governed by and construed under federal law and federal rules and

23 regulations including those for federally chartered savings institutions, called 'Federal Law.'").

24 When plaintiff signed these instruments, "Federal Law" included HOLA, its regulations, and

25 § 560.2.  Neither instrument contains language suggesting that HOLA would cease to "govern[]"

26 (and accordingly that the contract would be rewritten) if a non-FSB became the "Lender."

27     The "object and meaning of the parties' contract must be determined by their intent at the

28 time of its execution . . . ."  _Houge v. Ford_, 44 Cal. 2d 706, 713 (1955).  Here, plaintiff agreed

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

that anyone qualifying as a "Lender" would have the right to assert World Savings' contractual rights, including the governing law provision.  Wells Fargo is, undisputedly, now the "Lender." A finding that Wells Fargo cannot assert HOLA would defy the time-honored rule that courts must give force and effect to every clause in the contract.  *Gray1 CPB, LLC v. Kolokotronis*, 202 Cal. App. 4th 480, 487 (2011).

In *Mata v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 108197 (C.D. Cal. July 31, 2013), the court held that the "fact that World Savings Bank merged in [sic] Wachovia and later merged into Wells Fargo does not render HOLA inapplicable."  *Id.* at *11-12.  The deed of trust "states that the instrument 'shall be governed under federal law and federal rules and regulations including those for federally chartered savings institutions,'" and plaintiffs "contracted with a Federal Savings Bank" and "agreed to be bound by such laws under the terms of the trust deed." *Id.* at *11-12.  Thus, Wells Fargo could assert HOLA preemption.[5]

**D.      State Laws Preempted by HOLA**

The *Silvas* Court also described the HOLA regulations as "so pervasive as to leave no room for state regulatory control."  *Id.*  Among those "pervasive" regulations are OTS regulations 560.2(b)(4), (5), (9) and (10), which preempt state laws that "would impose requirements on federal savings banks regarding":

> The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan; . . .  12 C.F.R. § 560.2(b)(4)

> Loan-related fees, including without limitations, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees . . . 12 C.F.R. § 560.2(b)(5)

> Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants …. 12 C.F.R. § 560.2(b)(9)

> Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages; . . . 12 C.F.R. § 560.2(b)(10)

---

[5]  *See also, Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364 (N.D. Cal. Sept. 13, 2013); *Babb v. Wachovia Mortg.*, FSB, 2013 U.S. Dist. LEXIS 106228, 11-13 (C.D. Cal. July 26, 2013).

**E.**     **The Application of HOLA Preempts Plaintiff's State Law Claims**

Plaintiff's state law claims relate to "processing" or "servicing" of the loan. Specifically, the state law claims are based on the conduct of Wells Fargo in reviewing, processing, and handling plaintiff's loan and her requests for a loan modification. Case law readily applies HOLA to these kinds of state law claims, regardless of the precise name a plaintiff attaches to them.

    **1.**     **The HBOR Is Preempted By Federal Law**

Plaintiff's first two claims for relief involve HBOR claims. HBOR is codified generally in California Civil Code §§ 2923.5, 2923.55, 2923.6, 2923.7, 2924.11, and 2924.17.

HBOR sets forth detailed obligations and restrictions on Wells Fargo's loan servicing. (*See generally*, Cal. Civ. Code §§ 2923.5, 2923.55, 2923.6, 2923.7 2924.11). These obligations under HBOR are preempted by 12 C.F.R. § 560.2 (b)(4) and (10). In addressing HOLA preemption of HBOR claims the court in *Gorton,* 2013 U.S. Dist. LEXIS 86006 at *11, held:

> Plaintiff's HBOR claim is based solely on communications regarding and actions or omissions related to either Plaintiff's application for loan modification, Wells Fargo's denial of that application, or Plaintiff's appeal of the denial. (¶¶ 41-48.) Thus, the Court concludes that it falls within the preemptive scope of § 560.2(b)(4), which applies to "state laws purporting to impose requirements regarding . . . (4) the terms of credit, . . . including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan." *Id.* Moreover, were it not within these confines, the Court would have no difficulty concluding that the law "affects lending" and that it is not otherwise saved from preemption by any subsection (c) category.

The court in *Kaplan v. Wells Fargo Bank, N.A.,* 2013 U.S. Dist. LEXIS 109023, *8-9 (C.D. Cal. July 30, 2013) (Fees, J.), reached the same conclusion holding:

> Here, Plaintiffs' claims for fraudulent misrepresentation, promissory estoppel, negligent misrepresentation, and violation of the HBOR all arise out of Defendants' alleged representation that they would "review plaintiffs for [the Home Affordable Modification Program ('HAMP')]" and their subsequent failure to do so. (FAC ¶¶ 120, 135-137, 147.) Each of these claims is therefore premised on Defendants' alleged misconduct in "[p]rocessing, originat[ing], servicing . . . or participati[ng] in, mortgages"--activities *subsection (b)* explicitly identifies as subject to HOLA preemption. *12 C.F.R. § 560.2(b).*

/ / /

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    In *Marquez,* 2013 U.S. Dist. LEXIS 131364 at *13-17, the court likewise ruled:

2       The court finds that the first through fourth causes of action, which allege
        various violations of the HBOR, are preempted by HOLA. In the first

3       cause of action, plaintiffs assert that they were "available to meet with
        mortgagee, trustee, beneficiary, or authorized agent to explore available

4       options to avoid foreclosure[,]" but that despite this "availability,"
        defendants "failed to attempt to contact" them in order to comply with the

5       requirements of Civil Code § 2923.55(b)(2). See Cplt ¶¶ 26-30. Claims for
        violation of Civil Code § 2923.5 (the predecessor of § 2923.55) are

6       preempted by HOLA because they fall "squarely within the scope of
        HOLA's Section 560.2(b)(10)." *Taguinod v. World Sav. Bank, FSB,* 755

7       *F. Supp. 2d 1064, 1073 (C.D. Cal. 2010) (citing cases).*

8       In the second cause of action, plaintiffs allege that defendants filed the
        Notice of Default without first making a written determination that

9       plaintiffs were not eligible for a loan modification, or that plaintiffs were
        offered a loan modification but rejected it, or that plaintiffs accepted a

10      loan modification but defaulted on the new loan, in violation of Civil Code
        § 2923.6. Cplt ¶¶ 36-40.  Courts have found that claims for violations of

11      § 2923.6 are preempted by HOLA. *See, Sato v. Wachovia Mortg., FSB,*
        2011 U.S. Dist. LEXIS 75418, 2011 WL 2784567 at *7 (N.D. Cal. Jul. 13,

12      2011)  (claim that lender violated California Civil Code § 2923.6 by
        failing to modify her loan preempted by HOLA under provisions for

13      "processing, origination, sale or purchase of . . . mortgages" and "terms of
        credit").n1

14
        In the third cause of action, plaintiffs assert that "although they have asked

15      to be reviewed for alternatives to foreclosure, they have never been
        assigned a 'single point of contact' to provide them assistance in applying

16      for potential foreclosure alternatives," as required by Civil Code § 2923.7.
        Thus, they allege, they have in effect never been given a meaningful

17      opportunity to apply for, and receive, a loan modification.  Cplt ¶¶
        43-46.  The court finds that this cause of action is preempted by HOLA, as

18      it imposes requirements on "processing" or "servicing" of mortgages, or
        on the "terms of credit," and also seeks to impose an obligation that affects

19      lending. It is further preempted to the extent that plaintiffs allege that
        Wells Fargo was required to offer a loan modification.  *See, e.g., Gabali v.*

20      *OneWest Bank, FSB,* 2013 U.S. Dist. LEXIS 47193, 2013 WL 1320770 at
        *10 (N.D. Cal. March 29, 2013).

21
        In the fourth cause of action, plaintiffs allege that the declaration attached

22      to the Notice of Default falsely stated that defendants had complied with
        the "due diligence" requirements of Civil Code § 2923.55 prior to filing

23      the Notice of Default.  Plaintiffs assert that this failure to contact them
        violated Civil Code § 2924.17.  Section 2924.17 prohibits the practice of

24      robo-signing, in which servicers sign foreclosure documents without
        determining the right to foreclose.  Plaintiffs do not allege that Wells

25      Fargo  engaged in "robo-signing."  Rather, this claim relates back to the
        first cause of action for violation of § 2923.55.  The court finds that this

26      cause of action is preempted by HOLA, as it imposes requirements on the
        "processing" and "servicing" of mortgages.n2

27

28    / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Given the additional remedies now available to borrowers for alleged violations of the

2 HBOR, a finding of preemption by HOLA is also warranted by the holding in *Mabry v. Superior*

3 *Court*, 185 Cal. App. 4th 208, 226-32 (2010).

4    Prior to January 1, 2013, the *only* remedy available for a violation of the non-judicial

5 foreclosure laws codified under California Civil Code §§ 2923.5 and 2924 *et seq*. was equitable

6 relief (*i.e.*, an order enjoining the foreclosure sale (prospectively) or rescinding it

7 (retrospectively)).  There was no right to, for example, a loan modification or monetary damages.

8 *Mabry*, 185 Cal. App. 4th at 232.  As a result, the *Mabry* court held that § 2923.5 was not

9 preempted by HOLA. *Id*. at 231.  In beginning its analysis of the preemption issue, the Court of

10 Appeal noted:

11          A remarkable aspect of section 2923.5 is that is appears to have been
            carefully drafted to avoid bumping into federal law, *precisely because it is*
12          *limited* to affording borrowers only more time when lenders do not
            comply with the statute.
13

14 *Id*. at 226 (emphasis added).  The *Mabry* court appeared to go out of its way to narrowly construe

15 the impact of the requirements set forth in § 2923.5 so as to avoid federal preemption.  "We

16 emphasize that we are able to come to our conclusion that section 2923.5 is not preempted by

17 federal banking regulations because it *is*, or can be construed to be, very narrow." *Id*. at 231

18 (emphasis in original).  When examining the lender's obligations under the statute to "assess"

19 and "explore," the court held that these words "must be narrowly construed *in order to avoid*

20 *crossing the line* from state foreclosure law into federally preempted loan servicing." *Id*. at 232

21 (emphasis added).[6]  Moreover, the court found that preemption was not warranted "*because the*

22 *remedy for noncompliance is a simple postponement of the foreclosure sale, nothing more,*"  a

23 distinction the court " emphasize[d]." *Id*. at 214 (emphasis added).

24

25 [6]  In *Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522 (2011), the California Court
   of Appeal acknowledged that the limited relief available under Civil Code § 2923.5 saved it from
26 colliding with federal preemption.  "However, Civil Code section 2923.5 does not provide for
   damages, or for setting aside a foreclosure sale, nor could it do so without running afoul of
27 federal law, that is, the Home Owners' Loan Act (12 U.S.C. § 1461 et seq.; HOLA), and
   implementing regulations (12 C.F.R. § 560.2(b) (2011))." *Id*. at 526 (citations omitted).
28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Given the substantial additional remedies now available for violation of the HBOR, a

2   narrow interpretation cannot possibly save the statute from preemption. *See* Cal. Civ. Code §§

3   2924.12, 2924.17.  These new remedies are quite unlike the limited relief available under §

4   2923.5.  For example, California Civil Code section 2924.12(b) provides for the imposition of

5   monetary damages against a lender or servicer, up to $50,000:

> If the court finds that the material violation was intentional or reckless, or resulted from willful misconduct by a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent, the court may award the borrower the greater of treble actual damages or statutory damages of fifty thousand dollars ($50,000).

9   Additionally, a lender may now be required to pay attorney's fees to a borrower *who*

10  *merely obtained injunctive relief* in an action brought to enforce § 2924.17.  Cal. Civ. Code §

11  2924.12(*i*).  Even the government may now seek to impose civil penalties, up to $7,500 per

12  mortgage, against a lender for "multiple and repeated uncorrected violations."  Cal. Civ. Code §

13  2924.17(c).  Since the remedies that can be imposed for violation of the HBOR exceed a "simple

14  postponement," it cannot escape preemption under HOLA.  Thus, the newly enacted statute is

15  preempted under federal law and cannot impose any affirmative obligations on Wells Fargo.

16  The HBOR claims should be dismissed.

17  Thus, the newly enacted statute is preempted under federal law and cannot impose any

18  affirmative obligations on Wells Fargo.  Since the first two claims are based upon HBOR, the

19  these claims should be dismissed with prejudice.

20  **2.      Plaintiff's Claim Under Former § 2923.5 Claim Is Preempted**

21  In support of her third claim for relief, plaintiff alleges Wells Fargo violated § 2923.5 as

22  it existed when the Notice of Default was recorded.[7]  (Comp. ¶¶15, 41-45).  Any alleged

23  violation of former § 2923.5 is preempted under 12 C.F.R. § 560.2(b)(9) (disclosures) and

24  (b)(10) (Processing… [and] servicing… of… mortgages).  *See Young v. World Sav. Bank, FSB,*

---

[7] Because the notice of default was recorded in 2012, it is assumed that plaintiff is alleging a violation of pre-HBOR § 2923.5.  With the enactment of HBOR, former Civil Code § 2923.5 was codified as §§ 2923.5 and 2923.55 to distinguish between lenders with less than 175 foreclosures within a reporting period (i.e., Civil Code § 2923.5) and lenders with 175 foreclosures or more within a reporting period (i.e., Civil Code § 2923.55), both requiring the same pre-foreclosure contact.

2011 U.S. Dist. LEXIS 143481 *10 (S.D. Cal. Dec. 13, 2011); *Quintero Family Trust v. OneWest Bank, F.S.B.*, 2010 U.S. Dist. LEXIS 63659, *6-7 (S.D. Cal. June 25, 2010).

District Courts have, with few exceptions, found former § 2923.5 to be preempted as purporting to regulate a lender's disclosure obligations and processing or serving activities, both before and after *Mabry v. Superior Court*, 185 Cal. App. 4th 208 (2010). One of the numerous pre-*Mabry* decisions was *Murillo v. Aurora Loan Servs., LLC*, 2009 U.S. Dist. LEXIS 61791 (N.D. Cal. July 17, 2009), where the court dismissed a § 2923.5 claim, with prejudice, that alleged "Defendants failed to properly file a declaration with their notice of default."[8] The district court held that "[a]s applied, Plaintiffs' § 2923.5 claim concerns the processing and servicing of Plaintiffs' mortgage. As such, the Court finds that Plaintiffs' § 2923.5 claim is preempted under HOLA." *Murillo*, 2009 U.S. Dist. LEXIS 61791 at *11; *see also Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1031-33 (N.D. Cal. 2010) (claims for violation of §§ 2923.5 and 2924 preempted by § 560.2(b)(10) as based on allegedly improper foreclosure procedures); *Giordano v. Wachovia Mortg., FSB*, 2010 U.S. Dist. LEXIS 136284, *7 (N.D. Cal. Dec. 14, 2010) (HOLA preempts laws setting forth procedures for filing a notice of default and conducting a foreclosure sale).

### 6. PLAINTIFF'S CLAIMS UNDER THE NEWLY ENACTED HBOR FAIL FOR A NUMBER OF REASONS

**A.    Plaintiff's HBOR Claims Fail To Meet The Pleading Standards Of Rule 8**

Plaintiff's claims for violation of HBOR are based entirely upon unsupported and conclusory allegations of non-compliance. These allegations are inadequate and fail to meet the Rule 8 standard. As stated in *Ashcroft v. Iqbal*, 129 U.S. 1937, 1949 (2009):

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. [citation]. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements

---

[8]   Holdings that rely on *Murillo* include: *Pinales v. Quality Loan Service Corp.*, 2010 U.S. Dist. LEXIS 2114 (S.D. Cal. Sept. 22, 2010); *Parcray v. Shea Mortg., Inc.*, 2010 U.S. Dist. LEXIS 40377, *24 (E.D. Cal. Apr. 23, 2010); *Gonzalez v. Alliance Bancorp*, 2010 U.S. Dist. LEXIS 47943, *16 (N.D. Cal. Apr. 19, 2010); *Odinma v. Aurora Loan Services*, 2010 U.S. Dist. LEXIS 28347 (N.D. Cal. Mar. 23, 2010).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1      of cause of action will not do." [citation].  Nor does a complaint suffice if
2      it tenders "naked assertions" devoid of "further factual enhancement."

3      To survive a motion to dismiss under this standard, "a complaint must contain sufficient

4  factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Iqbal*, 129

5  U.S. at 1949.  Coupled with the decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

6  pleading requirements are now sharpened.  Taken together, these cases establish that a plaintiff

7  must "allege enough facts to state a claim to relief that is plausible on its face;" in other words,

8  the standard became "plausible," not "conceivable."  *Twombly*, 550 U.S. at 557.

9      As discussed below, plaintiff's claims do not meet this basic pleading standard.

10  **B.**    **Plaintiff Is Not Entitled To Relief Under Civil Code § 2923.6 Because She Did Not**

11         **Comply With The Statutory Requirements**

12      Plaintiff's first claim for relief alleges Wells Fargo violated California Civil Code §

13  2923.6 because Wells Fargo recorded a notice of trustee's sale when an application for a loan

14  modification was under review.  Plaintiff cannot prevail on her claim under § 2923.6; not only is

15  it preempted by HOLA, but plaintiff fails to allege she complied with the statute.

16      Section 2923.6(c) provides:

17      If a borrower submits a complete application for a first lien loan modification …,
18      a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not
       record a notice of default or notice of sale, or conduct a trustee's sale while the
19      complete first lien loan modification application is pending….

20      HBOR provides some immunity to guard against instances where a borrower attempts to

21  submit multiple loan modification applications to delay the foreclosure process.  Subsection (g)

22  of § 2923.6 provides:

23      [i]n order to minimize the risk of borrowers submitting multiple applications for
       first lien loan modifications for the purpose of delay, *the mortgage servicer shall*
24      *not be obligated to evaluate applications from borrowers...who have been*
       *evaluated* or afforded a fair opportunity to be evaluated con+sistent with the
25      requirements of this section, *unless there has been a material change in the*
       *borrower's financial circumstances since the date of the borrower's previous*
26      *application and that change is documented by the borrower and submitted to the*
       *mortgage servicer.*
27

28  (Emphasis added).

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   Plaintiff admits her application was denied in May 2013 because she had insufficient

2   income.  (Comp. ¶34).  She alleges that later the same month she was denied, she began renting a

3   room in her home and thus had a material change in her financial circumstances.  According to

4   her, at some unspecified point, she submitted a new application documenting this change in

5   income and, prior to Wells Fargo rendering a decision on that application, Wells Fargo recorded

6   a notice of trustee sale.  (¶34).  Yet, plaintiff fails to allege facts showing this purportedly

7   material change was documented and submitted to Wells Fargo.  Instead, she states in wholly

8   conclusory fashion that her income increased and she submitted a new application documenting

9   that income.  She does not state how she documented the change in her income, whether the

10   change was material, when she submitted this application or even Wells Fargo's response to the

11   application.  This is not sufficient for a new application.  *See* Cal. Civ. Code § 2924.10(b);

12   *Vasquez v. Bank of America*, 2013 U.S. Dist. LEXIS 161244, *25 (plaintiff gained new

13   employment with a higher income subsequent to the denial of her modification application and

14   provided evidence of the new income).

15   Finally, even assuming plaintiff's application documents a material change in financial

16   circumstances, plaintiff fails to allege any facts showing that this subsequent loan modification

17   application was deemed complete.  Compliance with Civil Code § 2923.6 is conditioned upon

18   the borrower having submitted a "complete application as defined in subdivision (h) of Section

19   2923.6."  Cal. Civ. Code § 2923.55(a)(3).  Subdivision (h) provides:

> For purposes of this section, an application shall be deemed "complete" when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer.

23   Here, plaintiff alleges she submitted an application sometime after the May 2013 denial,

24   but does not allege any facts showing that the application was complete.  She does not allege

25   how Wells Fargo responded to this submission, e.g., a description of the loan modification

26   process, whether it was deemed complete, any deadlines associated with the application, any

27   deficiencies with the application.  *See* Cal. Civ. Code § 2924.10(a).  That 2923.6(g) does not

28   even require Wells Fargo to review all application, simply submitting an application does not

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  deem the application complete.

2      Accordingly, for all of these reasons, in addition to being preempted, plaintiff's first

3  claim for violation of California Civil Code § 2923.6 fails and should be dismissed without leave

4  to amend.

5  **C.      Plaintiff's Civil Code § 2923.7 Claim Fails Because The Allegations Are Meritless**

6      Plaintiff alleges that Wells Fargo violated California Civil Code § 2923.7, which

7  mandates a single point of contact ("SPOC").  Here, as briefed above, the HBOR is not

8  applicable to plaintiff's claims, as the statute is preempted by HOLA and plaintiff's claims

9  regarding deficiencies in the appointment of the SPOC arose prior to plaintiff's bankruptcy

10  discharge.  Moreover, lenders and loan servicers are not required to volunteer a single point of

11  contact to every single borrower.  Borrowers must affirmatively request a "single point of

12  contact."  The statute states that "[u]pon request from a borrower who requests a foreclosure

13  prevention alternative, the mortgage servicer shall promptly establish a single point of contact

14  and provide to the borrower one or more direct means of communication with the single point of

15  contact."  Cal. Civ. Code § 2923.7(a).

16      Here, the complaint lacks any facts that plaintiff ever requested a SPOC for her

17  application.  (*See* Comp. ¶¶36-40). More is required than merely stating that Wells Fargo failed

18  to provided plaintiff with a "SPOC".  Regardless, plaintiff admits she had a number of different

19  assigned SPOCs from January through the present.  She alleges Wells Fargo violated the statute

20  by appointing a number of SPOCs, all of whom were unable to adequately perform the

21  responsibilities of a SPOC because they failed to answer her telephone calls or return her

22  messages.  (*See* ¶¶17,-28, 36-40).  There is no requirement under Section 2923.7 that the SPOC

23  "communicate" with plaintiff via the telephone.  Nor does plaintiff allege state facts showing that

24  this alleged violation was material. *See* Civil Code § 2924.12(a) (authorizing injunctive relief for

25  only "material" violations).  The foreclosure sale has not been completed.

26  / / /

27  / / /

28  / / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**7.   THE CLAIM FOR AN ALLEGED VIOLATION OF CIVIL CODE § 2923.5 IS PLAGUED BY ADDITIONAL SHORTCOMINGS**

Plaintiff's third claim asserts Wells Fargo violated former California Civil Code § 2923.5 by failing to contact her, or attempt to contact her, to discuss alternatives to foreclosure prior to recording a notice of default in December 2011.[9]   (*See* Comp. ¶¶15, 41-45).   Notwithstanding federal preemption and judicial estoppel, there is no merit to this claim.

The substantive requirements of former § 2923.5 required the lender to make "initial contact" with the borrower or to satisfy certain "due diligence" requirements.   A declaration indicating compliance is required prior to recording the notice of default.   § 2923.5.   In *Mabry*, 185 Cal. App. 4th at 235, the court held that a declaration under § 2923.5 is only required to track the language of the statute; it is not required to be custom drafted or explain the efforts made to contact the borrower.

Here, a declaration is attached to the notice of default, signed under penalty of perjury by a Wells Fargo Vice President of Loan Documentation Jim Toney stating Wells Fargo complied with the statute by contacting the borrower.   (*See* RJN, Exh. H).   That declaration rebuts plaintiff's conclusory allegation of no contacts, and, alternatively, allegations of no attempt to contact the plaintiff.   (*See* Comp. ¶¶44-45).   Several courts have held that a plaintiffs' conclusory allegations of non-compliance are insufficient to state a claim under § 2923.5 where the Notice of Default contains the required declaration.   *See, Juarez v. Wells Fargo Bank, N.A.*, No. CV 09-3104, 2009 U.S. Dist. LEXIS 110892, at *5 (C.D. Cal. Nov. 11, 2009) ("Claim three is dismissed

---

[9] As noted in discussing federal preemption above, because the notice of default was recorded in 2012, it is assumed that plaintiff is alleging a violation of pre-HBOR § 2923.5.   With the enactment of HBOR, former Civil Code § 2923.5 was codified as §§ 2923.5 and 2923.55 to distinguish between lenders with less than 175 foreclosures within a reporting period (i.e., Civil Code § 2923.5) and lenders with 175 foreclosures or more within a reporting period (i.e., Civil Code § 2923.55), both requiring the same pre-foreclosure contact.

To the extent that plaintiff is alleging an HBOR claim under the current Section 2923.55, that claim fails since the notice of default was recorded in 2011.   (RJN, Exh. H).   HBOR does not apply retroactively and became effective on January 1, 2013.   *Michael J. Weber Living Trust*, 2013 U.S. Dist. LEXIS 41797, at *10-11 (N.D. Cal. 2013) (HBOR took effect on January 1, 2013 and does not apply retroactively.);

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  with prejudice because Exhibit F to Plaintiff's FAC shows that Wells Fargo did, indeed, comply

2  with the requirements of Cal. Civ. Code § 2923.5, including providing a declaration with the

3  notice of default that it had complied with this section."); *Kamp v. Aurora Loan Servs.*, 2009

4  U.S. Dist. LEXIS 95245, at *6 (C.D. Cal. Oct. 1, 2009) (Plaintiffs' "conclusory assertions are

5  contradicted by the notice of default attached as Exhibit A, which includes the declaration

6  required by section 2923.5").

7      Finally, plaintiff's contradicts her allegations; she concedes that she had numerous

8  discussions with Wells Fargo regarding efforts to avoid foreclosure over a two year period prior

9  to the 2012 recording of the notice of default, and for two years after its recording.  (*See* Comp.

10 ¶¶15-16).

## 8.  PLAINTIFF'S DAMAGE CLAIMS FAIL TO MEET THE
## PLEADING STANDARDS OF RULE 8

13     In addition to the above shortcomings, plaintiff's alleged damages under Civil Code §§

14 2923.4, 2923.6, and 2923.7 are vague and fail to meet the specificity requirement of Rule 8.

15 (Comp. ¶¶26, 39, 49, 57).  As discussed above, Rule 8 requires some meaningful factual

16 information to be alleged for a claim to survive a Rule 12(b)(6) motion.

17     The complaint in this case falls well short of this standard.  It simply consists of a generic

18 statement of damages and contains no factual allegations that support any claim of "actual

19 economic damages" as a result of any purported action by Wells Fargo.  (*See* Comp. ¶¶26, 39,

20 49, 57).  As such, the complaint does not meet the Rule 8 standards and must be dismissed.

## 9.  CONCLUSION

22     For the foregoing reasons, Wells Fargo requests that the Court grant its motion to dismiss

23 as to each claim without leave to amend.

24                                       Respectfully submitted,

25 Dated:  March 2, 2014                  ANGLIN, FLEWELLING, RASMUSSEN,
                                          CAMPBELL & TRYTTEN LLP
26

27                                        By:    /s/ Christine Hehir
                                              Christine Hehir
28                                            chehir@afrct.com
                                          Attorneys for Defendant
                                          WELLS FARGO BANK, N.A.

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION
AND MOTION TO DISMISS THE COMPLAINT**

on the interested parties in said case as follows:

**Served Electronically Via the Court's CM/ECF System:**

*Counsel for Plaintiff:*

Matthew D. Mellen, Esq.
Jessica Galletta, Esq.
MELLEN LAW FIRM
411 Borel Avenue, Suite 230
San Mateo, CA 94402
Tel: (650) 638-0120 | Fax: (650) 638-0125

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on **March 3, 2014**.

| Christine Daniel | /s/ Christine Daniel |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

93000/FR1203/00808659-3

CERTIFICATE OF SERVICE